# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANK TORRES, <br> TDCJ No. 01521249, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL NO. SA-19-CA-0883-XR |

## DISMISSAL ORDER

Before the Court are *pro se* Petitioner Frank Torres's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (ECF No. 1) and response to the Court's Order to Show Cause (ECF No. 5). For the reasons set forth below, Petitioner's federal habeas corpus petition is dismissed with prejudice as barred by the one-year statute of limitations embodied in § 2244(d). Petitioner is also denied a certificate of appealability.

## Background

In August 2008, Petitioner plead guilty to aggravated sexual assault of a child and was sentenced to twenty years of imprisonment. *State v. Torres*, No. 2003-CR-6882 (186th Dist. Ct., Bexar Cnty., Tex. Aug. 4, 2008). The Fourth Court of Appeals dismissed Petitioner's subsequent appeal for lack of jurisdiction because Petitioner failed to timely file a notice of appeal. *Torres v. State*, No. 04-10-00133-CR (Tex. App.—San Antonio, Mar. 3, 2010, no pet.). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals (TCCA). Instead, he waited until August 6, 2014, to file a state habeas corpus

application challenging his underlying conviction, which was eventually denied by the TCCA without written order on February 4, 2015. *Ex parte Torres*, No. 82,705-01 (Tex. Crim. App.).

Petitioner placed the instant federal habeas petition in the prison mail system on July 23, 2019. (ECF No. 1 at 10). In the petition, Petitioner raises four claims for relief alleging that he is actually innocent, he received ineffective assistance from trial counsel, his plea was involuntary, and that "new" evidence supports his actual innocence claim.

### **Timeliness Analysis**

"[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final September 3, 2008, when the time for appealing his judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence).[1] As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction expired a year later on September 3, 2009. Because Petitioner did not file his § 2254 petition until July 23, 2019—almost ten years after the limitations period expired—his petition is

---

[1] Although Petitioner attempted to file an appeal of this adjudication well over a year later, this appeal did not constitute a "direct review" under § 2244(d)(1)(A) because it was dismissed as untimely. *See Foreman v. Dretke*, 383 F.3d 366, 440 (5th Cir. 2004) (finding that a timely-filed state appeal constitutes "direct review" under § 2244(d)(1)(A) even though the appeal is later dismissed for want of jurisdiction).

barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

A.  **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and, contrary to Petitioner's assertion of "newly discovered" evidence, there is no indication that the claims (or evidence in support of those claims) could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, although § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," it does not toll the limitations period in this case either. As discussed previously, Petitioner's state habeas application, submitted in August 2014, was filed well after the limitations period expired for challenging his underlying conviction and sentence. Because Petitioner filed his state habeas petition after the time for filing a federal petition under § 2244(d)(1) has lapsed, it does not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

**B.     Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner's federal habeas petition does not assert any extraordinary circumstance prevented him from filing earlier or establish that he has been pursuing his rights diligently. For this reason, Petitioner was given the opportunity to explain why his petition should not be dismissed as untimely (ECF No. 4). In his response (ECF No. 5), Petitioner does not argue he is entitled to equitable tolling—instead, he essentially reiterates the claims for relief raised in his federal petition. But even with the benefit of liberal construction, Petitioner has provided no justification for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Although Petitioner claims that evidence in the record demonstrates his innocence, this evidence was admittedly available at the time of Petitioner's guilty plea. Petitioner fails to show that his claims (or supporting evidence) could not have been discovered and presented at an earlier date, much less explain why he waited until August 2014 to challenge his conviction in a state habeas application and then waited over three years to file the instant federal petition once his state habeas proceedings had concluded. Because Petitioner failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this court, his petition is untimely and barred by § 2244(d)(1).

**C.      Actual Innocence**

Finally, Petitioner contends his untimeliness should be excused because of the actual-innocence exception. In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, Petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the

district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard. As discussed previously, Petitioner's argument relies in large part on evidence that was in the record and thus available at the time of Petitioner's trial. This does not constitute "*new reliable* evidence" establishing his innocence. Similarly, Petitioner's reliance on the fact that a potential expert's testimony *in another case* was later discredited in 2013 as "junk science" does nothing to establish Petitioner's innocence in this case. *See* ECF No. 5-1 at 42. Indeed, Petitioner's arguments were already rejected by the state court during Petitioner's state habeas proceedings and do not undermine confidence in the outcome of his trial. Consequently, the untimeliness of Petitioner's federal habeas petition will be not excused under the actual-innocence exception established in *McQuiggin*.

## Conclusion

Rule 4 Governing Habeas Corpus Proceedings states a habeas corpus petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Based on the foregoing reasons, Petitioner's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner Frank Torres's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as time-barred;

2. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as

required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the 10th day of October, 2019.

**XAVIER RODRIGUEZ**
**United States District Judge**